[842 NYS2d 464]

In the Matter of CLAYTON V. BANKSTON, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 11, 2007

**APPEARANCES OF COUNSEL**

*Rita E. Adler*, Hauppauge (*Michele Martino* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By order of the Supreme Court of the State of Louisiana dated June 29, 2001 (*In re Bankston*, 791 So 2d 1263 [2001]), the respondent was suspended from the practice of law in that state for a period of one year and one day, followed by a one-year period of probation. By further order of that court dated October 3, 2003 (*In re Bankston*, 856 So 2d 1187 [2003]), the respondent was suspended for a period of two years, with that suspension to run concurrently with the prior suspension. The first of the respondent's Louisiana disciplinary proceedings emanated from two sets of formal charges filed against him by the Louisiana Office of Disciplinary Counsel (hereinafter ODC). The respondent was admitted to the practice of law in Louisiana in 1982. In July 1996 the respondent issued two checks in the amounts of $400 and $425 to the Village Gallery and Frame Shoppe in Pleasant Valley, New York. After the checks were returned for insufficient funds and the respondent failed to adhere to his numerous promises to satisfy his debt, the retailer retained New York attorney David Sears to assist in the recovery.

Sears filed a complaint against the respondent with ODC in March 1999. Despite receiving notice of that complaint, the respondent failed to cooperate with the investigation.

In January 1999 the respondent was retained by Winenell Batiste to represent him in a legal action by a creditor seeking to seize his automobile. After Batiste paid the respondent $300 in attorney's fees and court costs, the respondent filed a pleading but paid only $41 in court costs. Batiste's vehicle was seized by court order. The respondent misrepresented to his client that the court had granted a two-week continuance. Upon learning of the seizure of his car, Mr. Batiste requested a refund of the unused court fees. In September 1999 he filed a complaint with ODC in light of the respondent's noncompliance. Copies of that complaint sent to the respondent's Louisiana and New York addresses were returned with the notations "unclaimed" or "return to sender."

After investigation, ODC filed two sets of formal charges alleging failures to cooperate, to provide an accounting, and to keep a client reasonably informed about his case and sufficiently informed to allow for participation. Although served with the charges at a Syosset, New York, address, the respondent failed to file an answer, to appear at the hearing, or to submit evidence for the committee's consideration.

Upon review of the documentary evidence, the hearing committee recommended that the respondent be suspended for a period of one year and one day, followed by a one-year period of probation with full restitution to Batiste. The Supreme Court of Louisiana accepted that recommendation.

The second disciplinary proceeding arose from one count of formal charges filed by ODC.

In 1998 the respondent was retained to represent Tonka Haynes in a criminal matter. Haynes's family paid the respondent the sum of $6,000 to handle an appeal from a judgment convicting him of attempted murder in the second degree as well as a possible application for postconviction relief. After filing an appeal in 1998, the respondent did nothing further on the case and failed to inform his client that the judgment of conviction was affirmed on appeal. Nor did the respondent account for any earned portion of his fee or refund the unearned portion.

During its investigation, ODC learned from the Louisiana State Bar Association that the respondent had been ineligible to practice law in that state since August 1, 1999, based on his failure to comply with mandatory continuing legal education (hereinafter CLE) requirements.

The respondent filed an answer to the Louisiana charges denying any misconduct but admitting his failure to complete the mandatory CLE requirements for the year 2000. The respondent did not appear at the hearing but testified by telephone.

The hearing committee recommended that the respondent be suspended for a period of two years and one day, with one year deferred, followed by a period of probation with conditions. The Louisiana Disciplinary Board generally concurred in the hearing committee's findings. The Board recommended a two-year suspension to run concurrently with the suspension imposed in the first proceeding. That recommendation was also accepted by the Supreme Court of the State of Louisiana. That court noted that although the respondent served his suspension in the first disciplinary proceeding, he did not apply for reinstatement. The effect of the judgment was that the respondent would be ineligible to seek reinstatement in Louisiana for one year after the finality of the judgment in the second disciplinary proceeding.

Although personally served with the petitioner's notice pursuant to 22 NYCRR 691.3 in South Carolina, on March 20, 2007,

the respondent failed to reply or to assert any of the defenses enumerated in 22 NYCRR 691.3 (c). Nor did the respondent demand a hearing pursuant to 22 NYCRR 691.3 (d). Accordingly, there is no impediment to the imposition of reciprocal discipline at this juncture.

Based on the foregoing, the petitioner's application for the imposition of reciprocal discipline on the respondent pursuant to 22 NYCRR 691.3 is granted, and the respondent is suspended from the practice of law for a period of two years in this state based upon the discipline imposed upon him in the State of Louisiana.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and SANTUCCI, JJ., concur.

Ordered that the petitioner's application is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, Clayton V. Bankston, is suspended from the practice of law in New York for two years, effective October 11, 2007; and it is further,

Ordered that the respondent, Clayton V. Bankston, is suspended from the practice of law for a period of two years, commencing and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the two-year period upon furnishing satisfactory proof that during the said period he (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (*see* 22 NYCRR 691.10), (3) complied with the continuing legal education requirements of 22 NYCRR 691.11 (c), and (d) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Clayton V. Bankston, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Clayton V. Bankston, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance, pursuant to 22 NYCRR 691.10 (f).